NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 9 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVLEEN NOTALI, | No. 15-17281 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01766-MHB |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding

Submitted June 6, 2017[**]
Pasadena, California

Before: BEA and HURWITZ, Circuit Judges, and MOTZ,[***] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable J. Frederick Motz, Senior United States District Judge for the District of Maryland, sitting by designation.

Evleen Notali appeals the district court's judgment affirming the Commissioner's denial of her application for Social Security disability benefits. Notali argues that the administrative law judge ("ALJ") erred in assigning "little weight" to the findings of her treating physician, Dr. Atul Syal, and in finding her not credible. We have jurisdiction under 28 U.S.C. § 1291 and vacate the judgment of the district court, with instructions to remand for further administrative proceedings.

1. The ALJ did not err in assigning "little weight" to Dr. Syal's opinion. In general, "[t]o reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995)). However, if a "treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record," the treating physician's opinion "is not entitled to 'controlling weight.'" *Orn v. Astrue*, 495 F.3d 625, 631–32 (9th Cir. 2007) (quoting S.S.R. 96-2p at 4); *see* 20 C.F.R. § 404.1527. And, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion," the ALJ can reject it, but only by "providing specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th

2

Cir. 2014) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).

Here, the ALJ highlighted several, sufficient reasons to find Dr. Syal's findings were unsupported by "medically acceptable . . . techniques," *Orn*, 495 F.3d at 632, "inconsistent with other substantial evidence in the case record," *id.* at 631, and "contradicted by another doctor's opinion," *Garrison*, 759 F.3d at 1012. The ALJ did not merely "reject[] [Dr. Syal's] medical opinion . . . while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012–13. Rather, he provided several "specific and legitimate reasons . . . supported by substantial evidence" for assigning "little weight" to Dr. Syal's findings. *Id.* at 1012.

2.      The ALJ erred in finding that Notali's testimony about her symptoms was not credible. Because there is no evidence of malingering, the ALJ can reject an applicant's testimony "about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). "The clear and convincing standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). "A finding that a

3

claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

Here, although the ALJ provided a detailed discussion of the evidence, he did not "specifically identify the testimony . . . he [found] not to be credible" and did not "explain what evidence undermine[d] the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (emphasis added). Accordingly, the ALJ erred when he failed to provide specific, clear and convincing reasons for his credibility determination.[1]

3.      When a court determines that the Commissioner erred, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S.

---

[1]      Any "inconsistencies identified independently by the district court cannot provide the basis upon which we can affirm the ALJ's decision." *Brown-Hunter*, 806 F.3d at 494.

729, 744 (1985)).  "A remand for an immediate award of benefits is appropriate . . . only in 'rare circumstances.'"  *Brown-Hunter*, 806 F.3d at 495 (quoting *Treichler*, 775 F.3d at 1099).  Because this is not one of those rare circumstances, we remand for further administrative proceedings.

**VACATED AND REMANDED, WITH INSTRUCTIONS TO REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS.**

*Notali v. Berryhill*, No. 15-17281

BEA, Circuit Judge, dissenting:

I agree with the majority that the ALJ did not err in assigning "little weight" to Dr. Syal's opinion. Unlike the majority, however, I would hold that the ALJ did not err in finding that Notali's testimony about her symptoms was not credible.

In weighing a claimant's credibility, the ALJ may consider many factors, including "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). In evaluating the credibility of the symptom testimony, the ALJ also considers "the claimant's work record and observations of treating and examining physicians and other third parties regarding, among other matters, the nature, onset, duration, and frequency of the claimant's symptom, precipitating and aggravating factors; [and] functional restrictions caused by the symptoms." *Id.* While an ALJ may not reject a claimant's statements about the intensity and persistence of her symptoms solely because they are not substantiated by the objective medical evidence, 20 C.F.R. § 404.1529(c)(2), the ALJ must consider

1

whether there are any inconsistencies between the claimant's statements and the medical evidence when determining the extent to which symptoms affect a claimant's capacity to perform basic work activities, *see* 20 C.F.R. § 404.1529(c)(4).

Here, the ALJ determined that the "objective medical evidence of record d[id] not support the severity" of Notali's subjective complaints. The ALJ detailed numerous medical tests and evaluations that he considered to be inconsistent with Notali's allegedly disabling limitations. These tests showed mild to moderate degenerative disc disease and no obvious nerve root compression. For instance, a 2010 MRI of the lumbar spine showed "mild to moderate spondylosis and disc bulges producing mild inferior foraminal narrowing, primarily on [the] left side."

The ALJ also discussed an independent consultative physical examination by Dr. Brian Briggs. "Dr. Briggs noted there were no objective findings to support the claimant's subjective complaints, and gave no limitations." For instance, "[t]he back was normal, with negative spinal palpation, no tenderness or deformity, and normal range of motion of the cervical, thoracic, and lumbar spine." The ALJ concluded that "Dr. Briggs' results on consultative examination were consistent with the medical evidence of record, and supportive of the opinions and conclusions of the State agency medical consultant."

Moreover, the ALJ considered several reports that Notali's symptoms improved with treatment. He noted that Notali "had good results for her complaints of neck and low back pain with several trials of physical therapy." In support of this observation, the ALJ cited medical records from Apex Physical Therapy, which stated that Notali had improved range of motion, strength, and reduced pain in her cervical spine, as well as improved function and range of motion in her lumbar spine, after undergoing physical therapy.

The ALJ also considered reports of Notali's daily activities. *See* 20 C.F.R. § 404.1529(c)(3)(i). The ALJ noted that her reported daily activities—shopping, cooking, attending church, visiting family and friends, driving her daughter to school and to the park, and performing household chores with assistance—demonstrated more than a minimal level of functioning.

I would thus hold that the ALJ did not err in finding that Notali's testimony about her symptoms was not credible. I therefore respectfully dissent.